# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| QBE SPECIALTY INSURANCE | CIVIL ACTION NO.  11-757 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BETTER WASTE DISPOSAL, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court are QBE Specialty Insurance Company's ("QBE") Motions for Summary Judgment against Kristen Boje ("Boje") and Better Waste Disposal, LLC. ("Better Waste") (Record Document 14 and 29). QBE has filed an action in this Court for declaratory relief regarding its duty to defend and indemnify Boje and Better Waste as defined by an insurance policy QBE has issued Better Waste (the "QBE Policy") and now seeks summary judgment on the issues presented therein. After considering the entirety of the record and for the reasons that follow, Plaintiff's Motions for Summary Judgment are **GRANTED**.

## I.  BACKGROUND

QBE has filed this declaratory judgment action to "determine its rights and obligations under a commercial general liability policy issued to Better Waste Disposal, LLC."(Record Document 14-1 at 5). "Better Waste and its employee, Kristen Boje, placed QBE on notice of, and requested defense and indemnity with respect to a lawsuit styled '*SWDI, L.L.C. V. Kristen Boje, et al*,' No. 162021, 32nd

Judicial District Court, Terrebonne Parish, State of Louisiana." (Record Document 14-1 at 5).

QBE asserts that the claims made in this state court lawsuit fall outside the scope of the QBE Policy. (Record Document 1). Better Waste and Boje oppose these Motions for Summary Judgment. Boje has answered, asserting her defenses and a counterclaim seeking a declaratory judgment that "QBE's policy affords coverage, indemnity and a defense for the matters alleged by SWDI, LLC in the Underlying Suit and QBE is obligated to indemnify and defend Boje, in accordance with the policy." (Record Document 11 at 9). Better Waste has answered denying the basis of QBE's claims for relief and asserting various defenses. (Record Document 22).

QBE now requests "summary judgment against Boje on grounds that defense and indemnity coverage is not triggered, or in the alternative is excluded, under policy no. QSILA0006309 issued to Better Waste." (Record Document 14-1 at 5). Subsequently, QBE filed for summary judgment against Better Waste incorporating by reference the arguments of Record Document 14. (Record Document 29).

## I.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law."[1]  <u>Quality Infusion Care, Inc. v. Health</u>

<u>Care Serv. Corp.</u>, 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material

fact exists when the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." <u>See</u> <u>Id.</u> "Rule 56[(a)] mandates the entry of summary

judgment, after adequate time for discovery and upon motion, against a party who

fails to make a showing sufficient to establish the existence of an element essential

to that party's case, and on which that party will bear the burden of proof at trial."

<u>Patrick v. Ridge</u>, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the

absence of a genuine dispute of material fact, "the nonmovant must go beyond the

pleadings and designate specific facts showing that there is a genuine issue for trial."

<u>Gen. Universal Sys., Inc. v. Lee</u>, 379 F.3d 131, 141 (5th Cir.2004).  Where critical

evidence is so weak or tenuous on an essential fact that it could not support a

judgment in favor of the nonmovant, then summary judgment should be granted.

<u>See Boudreaux v. Swift Transp. Co.</u>, 402 F.3d 536, 540 (5th Cir.2005).


## II.  LAW AND ANALYSIS

Louisiana law is clear that "an insurance policy is a contract that must be

construed in accordance with the general rules of interpretation of contracts set forth

---

[1]The Court notes that the newly amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the Court's analysis.  F.R.C.P. 56(a) and advisory committee's note (emphasis added).

in the Louisiana Civil Code." Lamar Advertising Co. V. Continental Cas. Co., 396 F.3d 654, 659-660 (5th Cir. 2005).

In addressing an insurer's duty to defend, the Louisiana Supreme Court has stated that "[g]enerally, the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. And the insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage." American Home Assur. Co. V. Czarniecki, 255 La. 251, 269 (La. 1970).

"Whether an insurer has a duty to defend is determined solely by 'compar[ing] the allegations in the complaint against the insured with the terms of the policy' at issue-the so-called 'eight corners' rule. " Lamar Advertising Co. v. Continental Cas Co., 396 F.3d at 660 (citing Complaint of Stone Petroleum Corp., 961 F.2d 90,91 (5th Cir. 1992).)  "Assuming all the allegations of the petition are true, the insurer must defend, regardless of the outcome of the suit, if there would be both (1) coverage under the policy and (2) liability to the plaintiff." Hardy v. Hartford Ins. Co., 236 F.3d 287, 290 (5th Cir. 2001). "If there are any facts in the complaint which, taken as true, support a claim for which coverage is not unambiguously excluded, the insurer must defend the insured." New Orleans Deli & Dining, LLC v. Continental Casualty Company, 2011 WL 4551165 (E.D. La. 2011).   "In making this

determination, this Court must liberally interpret the complaint." Lamar Advertising Co. v. Continental Cas. Co., 396 F.3d at 660.

QBE has alleged that it does not owe Boje or Better Waste a duty to defend or indemnify the SWDI state court proceeding because it falls outside both Coverage A and B of the QBE Policy. QBE does not challenge that Boje or Better Waste qualify as "insureds" under the policy. Therefore, the issue presented in these Motions for Summary Judgment is whether the underlying SWDI state court proceeding triggers QBE's duty to defend and indemnify its insureds under Coverage A and/or Coverage B of the QBE Policy.

## A. Coverage A

QBE claims they do not owe Boje or Better Waste a duty to defend or indemnify under Coverage A of the QBE Policy. (Record Document 14-1 at 11). It is undisputed that, under Coverage A, "QBE agrees to pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' caused by an 'occurrence.' " See id. The dispute arises when comparing the complaint in the underlying SWDI state court proceeding to the language of the insurance policy and then determining the scope of the word "occurrence" and the phrase "property damage."

### i. Occurrence

The QBE Policy defines "occurrence" as "an accident, including continuous or related exposure to substantially the same general harmful conditions." (Record

Document 14-1 at 7). "Black's Law Dictionary, p. 16 (9th ed.2009), defines an accident as 'an unintended and unforeseen injurious occurrence; something that does not occur in the usual course of events or that count not be reasonably anticipated.' " New Orleans Deli & Dining, LLC v. Continental Casualty Company, 2011 WL 4551165, *4 (E.D. La. 2011).

QBE alleges that a reading of the SWDI complaint shows an "overriding theme...of non-accidental conduct– *i.e.* that the insureds' intended to harm SWDI." (Record Document 14-1 at 11). QBE correctly points out that the majority of the conduct alleged in the SWDI complaint shows intentional conduct. However, there is a claim in the SWDI complaint accusing Boje and Better Waste of negligent misrepresentation.[2] Boje and Better Waste both claim that since negligent misrepresentation has been pled by SWDI, that qualifies as an "occurrence" under the policy, triggering QBE's duty to defend under Coverage A. (Record Document 19 at 8; Record Document 35 at 7).

---

[2]"Boje committed negligent misrepresentation in violation of Louisiana Civil Code Article 2315 by the following non-exclusive action and/or inaction: a) Improperly taking, communicating and/or using privileged, confidential, and/or proprietary documents and/or information regarding SWDI's clients without the consent, knowledge, approval, or permission of SWDI, which resulted in damage to SWDI; b) Forging the signatures of SWDI's customers on cancellation letters addressed to SWDI without the consent, knowledge, approval, or permission of SWDI customers, which resulted in damage to SWDI; c) Negligently misrepresenting to the public, including SWDI'S(sic) customers, that SWDI was acquired by Better Waste, which resulted in damage to SWDI; and d) Any and all other acts of negligent misrepresentation committed by Boje discovered prior to trial of this matter." (Record Document 14-3 at 6).

The Eastern District has recently dealt with a similar issue in New Orleans Deli & Dining, LLC v. Continental Casualty Company, 2011 WL 4551165 (E.D. La. 2011). The plaintiffs in this case were seeking a defense and indemnity with respect to a civil action that was pending in federal court. In the underlying case, New Orleans Deli and Dining LLC ("NODD") was accused of denying employees tips given them by customers. See id. at *1. The legal theories alleged by the former employees (referred to as the McCollum plaintiffs) in the underlying suit were "breach of contract, *negligence*, fraud, unjust enrichment, and conversion." See id (emphasis added). In holding the insurance company owed no duty to defend, the Eastern District of Louisiana stated:

> All of the allegations in the McCollum plaintiffs' complaint allege intentional acts on the part of NODD. The McCollum plaintiffs allege that NODD implemented a tip policy whereby the tips were purposefully taken by the managers or other employees of the restaurants and either kept or donated to charity. The alleged acts of implementing the tip policy and taking the tips were done intentionally, not accidentally nor negligently. Thus, plaintiffs' claims do not sound in negligence, but rather the intentional tort, and intentional acts are excluded by the policy. Therefore, CCC does not owe NODD a duty to defend it in the McCollum litigation.

See id. at *4.

Louisiana courts have held that "[i]t is well settled that the allegations of fact, and not conclusions, contained in the petition determine the obligation to defend. Duhon v. Nitrogen Pumping and Coiled Tubing Specialists, Inc., 611 So.2d 158, 160-

161 (La. App.  3rd Cir. 1992) (quoting <u>Jackson v. Lajaunie</u>, 264 La. 181, 270 So.2d

859 (1972). In <u>Pylant v. Lofton</u>, 626 So.2d 83 (La. App. 3rd Cir. 1993) the underlying

suit that the insured was seeking a defense for was one of sexual harassment. In the

underlying suit, the plaintiff pled both negligent and intentional infliction of emotional

distress. <u>See id</u>. at 87. The Louisiana court held that this did not constitute an

"occurrence" because the conduct, sexual harassment, was clearly intentional and

not an accident.

In the SWDI complaint, the vast majority of allegations are of intentional

conduct. QBE has correctly noted that "a careful reading of SWDI's petition shows

that SWDI asserts the exact same factual allegations in support of its claims for

fraud and/or fraudulent misrepresentations as it does for negligent

misrepresentations." (Record Document 14-1 at 13). SWDI alleges that Boje

negligently misrepresented facts by forging the signatures of SWDI's customers on

cancellation letters and negligently misrepresenting to the public that SWDI had

been acquired by Better Waste. It is clear that forging signatures is an intentional

act. In fact, SWDI accuses Boje of participating in a conspiracy to forge these letters.

(Record Document 14-3 at 3). Therefore, the allegation of negligently

misrepresenting to SWDI that its customers had cancelled their agreements is a

mere conclusion insufficient to trigger coverage under Coverage A of the QBE

Policy. The allegations of fact clearly show SWDI is pleading intentional conduct.

Regarding the allegation that Boje negligently misrepresented that Better Waste acquired SWDI, the SWDI petition states in its factual allegations that "Boje has intentionally misrepresented facts regarding SWDI to the public.  In order to confuse SWDI's customers into transferring their business to Better Waste, Boje has represented that SWDI was acquired by Better Waste." (Record Document 14-3 at 3). Just as in New Orleans Deli & Dining, the facts alleged in SWDI's pending state court action do not sound in negligence but, rather, are clearly intentional conduct. The mere pleading of conclusory negligence cannot mask all of the factual allegations of intentional conduct set out in the SWDI petition. Louisiana law is well settled that the factual allegations, not conclusions, are what control an insurer's duty to defend. In the underlying SWDI action, "intentionally misrepresent[ing] facts regarding SWDI to the public" does not constitute an "occurrence" within the meaning of the policy. (Record Document 14-3 at 3).

"The purpose of the intentional injury provision is '... to prevent an insured from acting wrongfully with the security of knowing that his insurance company will 'pay the piper' for the damages.' " Williams v. City of Baton Rouge, 731 So.2d 240, 253 (La. 1999) (citing Yount v. Maisano, 627 So.2d 148, 152 (La. 1993)). The underlying SWDI state court proceeding is a lawsuit pertaining to the intentional acts of Boje and Better Waste. Coverage A of the QBE Policy provides neither coverage nor a duty to defend the SWDI lawsuit as there has been no "occurrence" as contemplated by the QBE Policy. The Court need not address whether the loss at

issue qualifies as "property damage" since the finding of no "occurrence" is dispositive on the issue of coverage under Coverage A.

## B. Coverage B

The QBE Policy states that Coverage B is triggered when Better Waste and/or Boje become "obligated to pay as damages because of 'personal and advertising injury.' " (Record Document 14-2 at 4).   The QBE Policy defines the phrase "personal and advertising injury," as:

> The term "personal and advertising injury is defined to mean injury arising out of one or more of the following defined offenses:
> a.     False arrest, detention or imprisonment;
> b.     Malicious prosecution;
> c.     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
> d.     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
> e.     Oral or written publication, in any manner, of material that violates a person's right of privacy;
> f.     The use of another's advertising idea in your "advertisement"; or
> g.     Infringing upon another's copyright, trade dress or slogan in your "advertisement"

(Record Document 14-2 at 4). QBE asserts that SWDI "specifically and precisely alleges claims for breach of contract, breach of fiduciary duty, fraud and/or fraudulent misrepresentation, negligent misrepresentation, tortious interference with

business relations, violations of LUPTA, and civil conspiracy." (Record Document 14-1 at 15). QBE then argues that since none of the defined offenses are alleged by SWDI, "Coverage B is not triggered." (Record Document 14-1 at 15).

Better Waste and Boje claims that Coverage B is triggered by subsection (d) of the definition of "personal and advertising injury," claiming that negligent misrepresentation is covered under the common law tort of trade disparagement. (Record Document 19 at 11).

In Lamar Advertising Co. V. Continental Cas. Co., 396 F.3d 654 (5th Cir. 2005), the Fifth Circuit dealt with a similar case. In Lamar Advertising, the court stated that, since Louisiana is a fact pleading jurisdiction, in order for Coverage B to be triggered by a claim of disparagement or defamation all five elements of the tort[3] must be factually alleged in the underlying complaint. See id. at 664. The Fifth Circuit also found no authority for it to "glean" a disparagement claim from the fact of the complaint without "specific reference to defamatory words, falsity, malice, or publication to a third party." See id.

SWDI has alleged intentional and negligent misrepresentation but in doing so, SWDI has made no specific reference to defamatory comments or making such comments with malice. Under the Lamar Advertising precedent, this Court cannot "glean" a disparagement claim from SWDI's allegations of intentional and negligent

---

[3]"(1) defamatory words, (2) publication, (3) falsity, (4) malice, and (5) resulting injury." Hardy v. Hartford Ins. Co., 236 F.3d 287, 291 (5th Cir.2001).

misrepresentation. In so holding, it is clear Coverage B is not triggered and QBE

does not owe Better Waste or Boje a duty to defend.[4]

───────────────────

[4]Even if Coverage B was triggered by SWDI's underlying state court complaint, the exclusions in Coverage B would preclude such coverage.  The two relevant exclusions are exclusions 2a and 2b, which state:

    a.    <u>Knowing Violation of Rights of Another</u>
    "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."
    b.    <u>Material Published With Knowledge or Falsity</u>
    "Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

(Record Document 14-2 at 4). As stated *supra*, the allegations of the <u>SWDI</u> state court complaint are factually based in intentional conduct. Therefore, these two exclusions would preclude coverage for the above stated reasons.

### III. CONCLUSION

The allegations brought by SWDI in the underlying state court proceeding do not trigger either Coverage A or Coverage B of the QBE Policy. Because of the specifically pleaded factual allegations of intentional conduct, under the language of the QBE Policy, QBE does not have a duty to defend or indemnify Better Waste or Boje regarding the SWDI state court proceeding.

Accordingly,

**IT IS ORDERED THAT** QBE's Motions for Summary Judgment (Record Document 14 and 29) be and are hereby **GRANTED.**

The Clerk of Court is directed to close this case.

Thus done and signed, in Shreveport, Louisiana, this 1st day of November, 2011.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE